IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP B. SALAZAR,

    Plaintiff,

vs.                                             No. CV 19-01099 KG/JHR

CURRY COUNTY ADULT DETENTION CENTER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the handwritten letter filed by Plaintiff Phillip B. Salazar (Doc. 1) ("Complaint"). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

### Factual and Procedural Background

At the time the Complaint was filed, Plaintiff Phillip B. Salazar was incarcerated at the Curry County Adult Detention Center. (Doc. 1 at 1). His Complaint makes allegations regarding the conditions of confinement at the Curry County Adult Detention Center. (Doc. 1 at 1). He claims:

> "Extremely terrible and hazardous living conditions in Delta Pod.
> 1. Heater has not worked since the beginning of winter untill [sic] current date [November 20, 2019]
> 2. Possible asbestos in air shafts and vents.
> 3. Black mold caused by leaking toilets in cells 106-101."

(Doc. 1 at 1). He asks the Court to investigate all the grievances listed and "[w]e are looking to send the conditions here to Larry Barker Investigates' Action 7 news." (Doc. 1 at 1). He contends the environments in Delta Pod are causing severe headaches, fatigue, stomach aches, nausea, shortness of breath, pain in lungs, loss of appetite, dizziness, strokes and seizures, and heart attacks. (Doc. 1 at 1). Plaintiff Salazar does not allege that he has personally been exposed to the conditions

he lists, that he is housed in Delta Pod cells 106-101, or that he has experienced any of the illnesses identified in the Complaint.

## Dismissals for Failure to State a Claim

Plaintiff Salazar is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the

pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson,* 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### Analysis of Plaintiff Salazar's Complaint

Plaintiff Salazar's claims appear to be prison condition claims brought under 42 U.S.C. § 1983. (Doc. 1 at 1-2, citing the "Inmates Rights Act"). The exclusive remedy for vindication of constitutional violations is under § 1983. *See, Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To state a claim for relief under 42 U.S.C. § 1983, a

plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Plaintiff Salazar does not identify any individual official in his Complaint. (Doc. 1 at 1-2). Nor does the Complaint factually allege any conduct by any individual official violated Plaintiff's constitutional rights. *West v. Atkins*, 487 U.S. at 48; *Trask v. Franco*, 446 F.3d 1046; *Fogarty v. Gallegos,* 523 F.3d at 1162. Nor do Salazar's generalized claims provide the Court with sufficient information to identify any individual defendant. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Complaint does not state a factually plausible civil rights claim against any unnamed individual. *Iqbal,* 556 U.S. at 676; *Twombly,* 550 U.S. at 570.

The Complaint does not actually name any defendant. However, the allegations of the Complaint do identify the Curry County Adult Detention Center. (Doc. 1 at 1). However, the Curry County Adult Detention Center is not a suable entity. As a general rule, "a detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F.App'x. 852, 853 (10th Cir. 2001) (unpublished). The Court has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." *Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017).

Further, even if Plaintiff Salazar had named a suable entity, such as Curry County, the Complaint does not state a § 1983 claim for relief against a local governmental entity. *See Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978). Under *Monell,* a local public body may be held liable if a constitutional violation resulted from unconstitutional conduct by an official carrying out a policy or custom established by the local public body. *See Monell v. Dep't of Social Services,* 436 U.S. at 690. Plaintiff Salazar's Complaint, however, makes no allegations that any unconstitutional conduct occurred while any official of Curry County was carrying out a policy or custom established by Curry County or that there is a direct causal link between any policy or custom and the alleged injury. *Bryson v. City of Oklahoma City,* 627 F.3d at 788; *Nielander v. Board of County Comm'rs,* 582 F.3d at 1170; *Moss v. Kopp,* 559 F.3d at 1169. The Complaint does not state a § 1983 claim for relief under either the Fed. R. Civ. P. 12(b)(6) or the 28 U.S.C. § 1915(e)(2)(B) standard and will be dismissed. *Iqbal,* 556 U.S. at 676; *Twombly,* 550 U.S. at 570.

The Court Will Grant Leave to Amend

Salazar's Complaint fails to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court will grant Salazar an opportunity to amend to remedy the defects in his pleading. *Hall v. Bellmon*, 935 F.2d at 1109. However, the Court cautions Salazar that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, and how that individual's actions deprived Salazar, himself, of a constitutional right. *Robbins v. Oklahoma*, 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

The Court will order Salazar to amend the Complaint to allege any claims he believes he may have against any individual defendant, consistent with the requirements of Fed. R. Civ. P. 8 and 11(b) and this Memorandum Opinion and Order. Salazar must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

IT IS ORDERED:

(1) the handwritten letter filed by Plaintiff Phillip B. Salazar (Doc. 1) is DISMISSED for failure to state a claim on which relief can be granted; and

(2) Plaintiff Salazar is granted leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE