IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP B. SALAZAR,

      Plaintiff,

v.                                                                      No. 19-cv-1099-KG-JFR

CURRY COUNTY ADULT
DETENTION CENTER,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court following Plaintiff's failure to file an amended

complaint.  Being sufficiently advised, and for the reasons that follow, the Court will dismiss this

case.

Plaintiff Phillip Salazar commenced this action with a handwritten letter to the Court

averring the existence of "[e]xtremely terrible and hazardous living conditions in" Curry County

Adult Detention Center's Delta Pod.  The Court construed the letter as a complaint arising under

42 U.S.C. § 1983.  (Doc. 9) at 3.  While the complaint specifically identified certain hazards (a

non-working heater in winter, possible asbestos in air shafts and vents, black mold in a number

of cells) and the alleged effect of these conditions on residents of Delta Pod (various illnesses

and hospitalizations), it otherwise failed to state a viable claim.

A viable § 1983 claim requires a plaintiff to "do more than show that their rights were

violated or that defendants, as a collective and undifferentiated whole, were responsible for those

violations." *Walker v. Mohiuddin*, 947 F.3d 1244, 1249-50 (10th Cir. 2020).  The plaintiff must

"identify specific actions taken by particular defendants, or specific policies over which

particular defendants possessed supervisory responsibility, that violated their clearly established

constitutional rights." *Id.* at 1250.  In other words, the complaint must clearly identify "exactly

*who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the

claims against them, particularly.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

In its June 2, 2022, Memorandum Opinion and Order (the "June 4th MOO"), the Court set forth

the reasons that the complaint did not satisfy these pleading standards.  *See* (Doc. 9) at 4 (stating,

inter alia, that Plaintiff failed to identify conduct by any individual official that constituted a

violation of his constitutional rights).

       Further, as set forth in the Court's June 4th MOO, the allegations in the complaint failed

to identify a proper defendant.  The Court infers from the complaint, that Plaintiff intended to sue

Curry County Adult Detention Center.  But, as a matter of § 1983 law, the detention center itself

is not a "suable entity." *Apodaca v. N.M. Adult Probation & Parole*, 998 F. Supp. 2d 1160, 1190

(D. N.M. 2014); *see Gallegos v. Bernalillo Cty. Bd. of Cty. Commr's*, 242 F.Supp.3d 1256, 1267

(D. N.M. 2017) (explaining that in a § 1983 case "suing a detention facility is [like] attempting to

sue a building").  Local governing bodies—in this case Curry County—may be sued under §

1983 but stating a viable claim against one requires a plaintiff to allege with specificity that

conduct undertaken pursuant to an "official policy [or governmental custom][1] is responsible for a

deprivation of rights protected by the constitution." *Monell v. Dep't of Soc. Servs. of City of

N.Y.*, 436 U.S. 658, 690 (1978).  Plaintiff's complaint failed identify any Curry County policy or

custom, as effected by a county official, underlying the issues in Delta Pod.

       In the June 4th MOO, the Court thoroughly apprised Plaintiff of the foregoing legal

standards, dismissed his complaint for failure to state a viable claim, and granted him an

---

[1] "Custom" in this context refers to "persistent and widespread discriminatory practices of state officials" that are
not authorized by written law but "could . . . be so permanent and well settled as to constitute a custom or usage
with the force of law." *Monell*, 436 U.S. at 691.

opportunity to file an amended complaint within thirty days of the dismissal.  (Doc. 9) at 6.

Plaintiff declined to amend his complaint, and the deadline within which he was permitted to do

so has passed.  Accordingly, all claims in the complaint will be dismissed with prejudice.

IT IS ORDERED:

1.  All claims in the complaint (Doc. 1) are dismissed with prejudice.

2.  The Court will enter a separate judgment closing the civil case.


UNITED STATES DISTRICT JUDGE